Butler *v.* Prudential Insurance Company of America, Appellant.

Argued November 14, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*A. A. Vosburg,* of *Vosburg & Vosburg,* for appellant.

*William G. Walsh,* with him *Frank T. Butler* and *William P. Farrell,* for appellee.

OPINION BY JAMES, J., March 5, 1935:

Plaintiff brought suit upon a life insurance policy which contained a permanent disability clause and alleged that he was totally and permanently disabled from performing any work for any kind of compensation during the remainder of his life. On March 20, 1932, while employed by the D. L. & W. R. R. Co., plaintiff was seated in a cab located on a turn table into which a locomotive collided, trapping the plaintiff and injuring him both internally and externally and causing him to become unconscious. The injuries the plaintiff received were on or about the face, shoulders, head, hips and pelvis region, and immediately following the accident, he was removed to a hospital where he remained for a period of several weeks and from there was removed to his home and has not been employed in any capacity since. Plaintiff appeared and testified in court while seated in a wheel-chair. The declaration alleged that by reason of injuries sustained and shock to the nervous system, he has suffered and will suffer for the remainder of his life traumatic hysteria and traumatic neurosis and his nervous system has been permanently shocked, as

a result of which the plaintiff has been made wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation. Defendant admitted in its affidavit of defense that plaintiff was suffering from traumatic hysteria but denied that his condition was of a permanent nature. The portion of the disability clause which is involved is as follows:

"Disability Before Age of 60: Waiver of Premiums —Monthly Income to the Insured—If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime ....... the company upon receipt of due proof of such disability will grant the following benefits:"

At the close of the case the defendant submitted two requests for special findings as follows: (1) Is Thomas Butler, the plaintiff, suffering from any organic disease? Answer, yes or no. (2) If so, from what organic disease is he suffering? Answer, ....... In response to which questions the jury answered, no, to question No. (1).

All of the points submitted by defendant were affirmed except the point for binding instructions. After submitting the two questions, the court asked counsel, "If there was anything further you have to say," at which time, defendant's counsel stated that he did not think the court had fully covered the distinction between organic disease and a functional disease and that the court's statement that the distinction between organic and functional disturbance should not be allowed to becloud the issue, was inadequate. In explanation, the court instructed the jury that the submission of the two questions should not interfere with

the rendering of the verdict on the issue involved in the case. In response to the court's question, "Is there anything further?" no response was made by either counsel. The jury answered the questions submitted as above noted, and rendered a general verdict for the plaintiff. Defendant's motions for judgment n. o. v. and a new trial were denied.

Plaintiff's family physician testified that he had known the plaintiff for many years and always knew him to be a very powerful man; that on an examination made shortly after plaintiff left the hospital, he found him suffering from traumatic neurosis which he designated as a nervous disturbance as the result of an injury to the body; that he attended plaintiff to the date of the trial and that his condition is progressively worse than when he first attended him; that in his opinion he has been totally and permanently disabled since the date of the accident and that such disability will continue for the remainder of his life. Dr. Killeen testified that as long as he lives on this earth, he will be in his present condition unable to engage in any kind of occupation. Dr. Rebhorn, called by defendant, who treated him at the hospital, testified that although he was unable to discover any organic disease or disability in the plaintiff, his present condition might be classified as hysteria neurosis, traumatic neurosis or traumatic hysteria, and that he saw no reason why he shouldn't recover and be able to do something in the future; and could find no pathologic or organic condition, but in his present condition, nobody would ask him to go to work. Dr. M. T. O'Malley, who was called by the defendant, testified that the defendant was suffering from traumatic hysteria and that his condition was curable; that he is simply suffering from a functional disturbance but not organic and that based upon his experience in similar cases when the litigation over the present suit was dis-

posed of, the plaintiff would be able to resume work within a month or so. Dr. S. F. Gilpin testified that the plaintiff was suffering from hysteria that he was not suffering from any organic disease but from a functional disturbance, but was not wholly, totally and permanently disabled for the remainder of his life although at the present time he was totally disabled; that the patient at the present time was suffering from what he designated as compensation hysteria or desire neurosis, and as long as there was compensation to be had he will continue to have his hysteria; when he obtains his compensation or when he finds out he will get no compensation, he will recover in the course of a short time.

Under assignments of error 1 and 2, appellant complains that in view of the finding of the jury that plaintiff is not suffering from any organic disease, judgment should have been entered in favor of the defendant. Conceding that the defendant had the right to a special finding by the jury, yet the finding of fact that plaintiff was not suffering from an organic disease did not affect the general verdict of the jury in favor of the plaintiff, which in effect was a finding that plaintiff was wholly and permanently disabled.

We have examined with great care the extended argument of appellant that plaintiff failed to establish that the traumatic neurosis or hysteria from which plaintiff was suffering, was a disease within the terms of the policy or as averred in plaintiff's statement. In this position we are unable to find that appellant is sustained either by the statement of claim or the insurance policy. Nowhere in plaintiff's statement is mention made of a disease, but solely that as a result of the injuries the insured is now suffering from traumatic hysteria or neurosis and nowhere in the disability clause do you find the word "disease." The policy provides that the disability provision

would become effective in the event that the insured shall become totally and permanently disabled either physically or mentally *from any cause whatsoever*. It may be that the condition from which plaintiff is now suffering is not an organic disease as distinguished from a functional disease, yet in any event plaintiff's condition is such, either physically or mentally, that according to the plaintiff's doctors it has produced a permanent disability.

The terms of the policy, "from any cause whatsoever" would clearly include either an organic or functional disease. The testimony of the doctors indicated that the character of the plaintiff's ailment is largely mental but nevertheless the terms of the policy deal with results and not causes and if the disability is present, the clause becomes effective. We shall not attempt to indulge in any discussion of the authorities cited by appellant as none of the cases cited involve the construction of a policy phrased as broadly as the policy in suit.

Under assignments of error 3, 4, 6, 7 and 8, complaint is made that the court in its general charge and in answer to points, instructed the jury that the plaintiff would be entitled to recover if he was totally and permanently incapacitated by reason of a functional disease. In this the court was correct as the policy made no distinction as to the cause, it dealt solely with the result. Simply because the doctors were unable to find any objective symptoms did not overcome the testimony of plaintiff's doctors. Notwithstanding its remarkable progress, the medical profession has not yet reached the point where it can definitely diagnose all the causes for the ailments from which men suffer and this is best established by the contradictory testimony of the doctors called by the parties to this suit. The sole question to be determined by the jury was whether plaintiff was totally and permanently dis-

abled and if they believed the plaintiff's witnesses, he was entitled to recover. As appellant itself put the question, "Is Thomas Butler sick, or is he not?" and the jury found he was.

Assignments of error 10 and 11 except to the examination of the plaintiff as to his life, his family and his various employments since early youth, as being highly prejudicial and intended solely to create sympathy with the jury. Defendant in its affidavit of defense admits that plaintiff was suffering from traumatic hysteria and averred that his condition was largely one of the mind following an accident occasioned by force causing the plaintiff to believe that he is much worse than he actually is and that the injuries were not of a permanent nature. Under the averments of the affidavit of defense, the plaintiff was forewarned that the defense would question the honesty of plaintiff's claim, in which event plaintiff's previous character of employment, its regularity and his family relations would shed some light on the honesty of the claim. It was also relevant in determining whether he was incapacitated from performing work that he was fitted for. If this testimony was relevant, it follows that the hypothetical question submitted to the doctor which included plaintiff's industrial history, was also proper.

We cannot agree with appellant's contention under assignment of error five that the charge was incomplete and inadequate, particularly as to the medical testimony. In its opening remarks the court stated that he did not propose unless especially requested by counsel to comment at any great length upon the testimony and other than what we have heretofore stated, no request or complaint was offered by the defendant. The court summarized in a general way the contentions of the respective parties but in no manner emphasized the testimony of either party and in con-

clusion stated: "Members of the jury the court feels that the testimony on both sides has been quite well called to your attention by counsel for the plaintiff and the defendant. It is not necessary for us to begin at the beginning and review all of the testimony; it was only taken yesterday; it is fresh in your minds and we are going to leave the case with you confident that you will render such a verdict as will do proper justice between these parties." In view of this charge and the failure of defendant's counsel to draw the court's attention to any particular inadequacy when called upon to do so, defendant cannot now complain.

The ninth assignment of error was not pressed.

The assignments of error are overruled and the judgment is affirmed.